UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 09-10352-JLT |
| | * | |
| FOSTER L. STARKS, | * | |
| | * | |
| Defendant. | * | |

ORDER

November 23, 2010

TAURO, J.

After reviewing the Parties' submissions, this court hereby orders that:

1. The Government's Motion to Quash Defendant's Subpoena and for Reconsideration [#58] is DENIED IN PART and ALLOWED IN PART. The Motion is DENIED insofar as Defendant's subpoena[1] is not quashed and this court's Order[2] enforcing that subpoena is still in effect. The Motion is ALLOWED insofar as a portion of Defendant's subpoena is hereby modified. The Massachusetts State Police's Keeper of Records need not produce "[a]ny and all records of motor vehicle stops by Trooper Jason Vital of Troop D-4 Police Barracks that reflect the race of the individual stopped and whether or not a search was conducted of the vehicle."[3] Rather, the Keeper of Records need only produce

---

[1] Subpoena Testify Hr'g Trial Criminal Case, 1 [#49-2]; Subpoena Testify Hr'g Trial Criminal Case, 1 [#49-3].

[2] Court Order Enforcing Subpoena [#51].

[3] Subpoena Testify Hr'g Trial Criminal Case, 1 [#49-2]; Subpoena Testify Hr'g Trial Criminal Case, 1 [#49-3].

records or "the statistics regarding [motor vehicle] stops"[4] by Trooper Jason Vital of Troop D-4 Police Barracks "during the year preceding the defendant's arrest"[5] that reflect the race of the individual stopped and whether or not a search was conducted of the vehicle.

Narrowing the request in this way allows the subpoena to retain the necessary specificity, clearing the third of three hurdles.[6] The first two hurdles are also cleared. The requested information is both relevant and admissible.[7] The evidence is relevant because Defendant asserts preliminary support for a claim of racial profiling, which requires examination of the requested information by Defendant's expert.[8] The evidence is admissible because, were there to be a trial, Defendant's expert could testify as to his or her opinion and could be required to

---

[4] Def.'s Opp'n Government's Mot. Quash, 2 [#61].

[5] Def.'s Opp'n Government's Mot. Quash, 2 [#61]. Defendant was arrested on October, 22, 2009.

[6] United States v. Nixon, 418 U.S. 683, 700 (1974) (explaining the three hurdles required in the context of Federal Rule of Criminal Procedure 17(c)). The modified subpoena is thus unlike the unreasonable and oppressive subpoena in United States v. Morris. 287 F.3d 985, 991 (10th Cir. 2002) (finding the subpoena unreasonable and oppressive because of its lack of specificity and explaining, "Mr. Morris' subpoena references all records, documents, reports, telephone logs, etc., surrounding the investigation into the FBI undercover agent's shooting of Mr. Morris and the agent's entire personnel file.").

[7] Nixon, 418 U.S. at 699–700.

[8] See Ex-Parte Pet. Issuance Subpoena Duces Tecum State Police Records, 4 [#49]. Defendant "proffered evidence that suggests the particular [police] barracks at issue has a record of motor vehicle stops of black people at a higher rate than white people, when considering the race of the larger population. Based on this information, the defendant has sought expert advice to determine whether he was the subject of racial profiling." Def.'s Opp'n Government's Mot. Quash, 3 [#61].

disclose the requested information on cross-examination insofar as the requested information would underlie the expert's opinion.[9] For much the same reasons outlined above, Defendant has also met the four requirements to obtain a subpoena *duces tecum* under Federal Rule of Criminal Procedure 17(c).[10]

2. Defendant's Second Motion for Extension of Time for Filing Substantive Motions [#47] is ALLOWED AS MOOT.

3. Any subsequent substantive motions by Defendant must be filed by December 3, 2010. Any Government Oppositions must be filed by December 20, 2010. If any motions are filed, a Motion Hearing and Final Pre-Trial Conference will be held on January 5, 2011 at 11:00 a.m.

IT IS SO ORDERED.

                                                    /s/ Joseph L. Tauro  
                                             United States District Judge

---

[9] "The expert may in any event be required to disclose the underlying facts or data on cross-examination." Fed. R. Evid. 705.

[10] The four requirements are: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" United States v. Nixon, 418 U.S. at 699–700.

Requirements (1) and (4) are met for the reasons provided above. Requirement (2) is met because the State Police did not comply with Defendant's requests for months, and once they agreed to comply with a subpoena, the Government moved to quash. See Def.'s Opp'n Government's Mot. Quash, 2–3 [#61]. Requirement (3) is met because Defendant's counsel needs her expert to evaluate the statistics in the requested information so that she can file a motion to suppress. See Def.'s Opp'n Government's Mot. Quash, 3 [#61].