UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| | * | |
| v. | * | Criminal No. 09-10352-JLT |
| | * | |
| FOSTER L. STARKS, Jr., | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM and ORDER

May 8, 2012

TAURO, J.

After an evidentiary hearing on May 7, 2012, this court hereby orders that Defendant's Motion for New Trial [#201] is DENIED IN PART and DEFERRED IN PART. This court's decision on the portion of Defendant's motion requesting a new trial on grounds of juror misconduct is DEFERRED. The portion of Defendant's motion seeking a new trial on the basis of improper argument in the prosecutor's rebuttal is DENIED for the reasons set forth below.

I.  Juror Misconduct

The evidentiary hearing on the issue of juror misconduct is continued, and this portion of Defendant's motion remains pending before the court. Based on the evidence presented at the May 7, 2012 hearing, this court finds that Defendant has presented a colorable claim of juror bias such that a further evidentiary hearing, including questioning of the challenged juror is warranted.

II.  Prosecutor's Rebuttal Argument

Rule 33 of the Federal Rules of Criminal Procedure states that a court may grant a new

trial "if the interest of justice so requires."[1] A new trial is required under this standard where, "there has been improper comment and argument by the government and the improper comments have so 'poisoned the well' that the trial's outcome was likely adversely affected."[2]

A prosecutor is required to be a zealous advocate, but while he "may strike hard blows, he is not at liberty to strike foul ones."[3] This is particularly true of closing arguments, which are an "especially delicate point in the trial process."[4] In closing argument, a prosecutor may not shift the burden of proof to the defense, or call attention to the Defendant's refusal to testify. Where the defendant has presented a defense, however, "the government is permitted to discuss competing inferences from the evidence on the record."[5] The government may also "comment on the plausibility of the defendant's theory."[6] When so doing, "the government's focus must be on the evidence itself and what the evidence shows or does not show, rather than on the defendant and what he or she has shown or failed to show."[7] A prosecutor's responsibilities do not exist in a vacuum, and "a defendant has a corresponding obligation to protect his own interests," by

---

[1] Fed. R. Crim. P. 33(a). See also United States v. Carpenter, 808 F. Supp. 2d 366, 380 (D. Mass. 2011).

[2] Carpenter, 808 F. Supp. 2d at 380.

[3] United States v. Taylor, 54 F.3d 967, 977 (1st Cir. 1995) (quoting Berger v. United States, 295 U.S. 78, 88 (1935)).

[4] Taylor, 54 F.3d at 977.

[5] United States v. Glover, 558 F.3d 71, 77 (1st Cir. 2009).

[6] Id. at 78.

[7] Id.

objecting at the time the perceived improper comment is made.[8]

When determining whether a prosecutor's comments require a new trial, the court should consider all of the circumstances surrounding the remarks, giving special consideration to factors such as:

> (1) the extent to which the prosecutor's conduct is recurrent and/or deliberate; (2) the extent to which the trial judge's instructions insulated the jury against, or palliated, the possibility of unfair prejudice; and (3) the overall strength of the prosecution's case, with particular regard to the likelihood that any prejudice might have affected the jury's judgment.[9]

These factors are not exhaustive. Rather, they are intended to guide the court's inquiry into "whether the prosecutor's improper comments have undermined the fairness of the trial."[10] In making that determination, it is proper for the court to consider whether the prosecutor's own statements surrounding the challenged language mitigate its potential effect.[11] It is also true that, "when a prosecutor's comments are ambiguous, and there is no contemporaneous objection, the ambiguity is construed in favor of a proper meaning."[12]

In the present matter, Defendant Foster L. Starks III was convicted on one count of being

---

[8] Taylor, 54 F.3d at 977.

[9] Id., see Carpenter 808 F. Supp. 2d at 380 ("factors to be considered include the extent of the improper remarks, the context, the likely effect of any curative instructions, and the weight of the evidence against the defendant.")

[10] United States v. Carpenter, 494 F.3d 13, 23 (1st Cir. 2007).

[11] See United States v. Gonzalez-Gonzalez, 136 F.3d 6, 9 (1st Cir. 1998) (finding that "The prosecutor's own comments went a long way toward curing any understanding of the [challenged] comment as an admonition to ignore the court's instruction.").

[12] Id. at 9 n.1 (citing Taylor, 54 F.3d at 979).

a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).[13] It was the defense theory of the case that Teanisha Rodriguez had placed the gun at issue in Defendant's car without Defendant's knowledge.[14] Defendant asserts that it was improper for the prosecutor to argue in the rebuttal portion of his closing argument that the defense had failed to provide evidence that Teanisha Rodriguez returned to her apartment and could have, at that point, placed the gun into Defendant's car.[15]

The challenged portions of the prosecutor's argument drew attention to inconsistencies in the defense case. Both before and after making the challenged statement, the prosecutor emphasized that the burden remained on the prosecution to prove every element of the case beyond a reasonable doubt.[16] He properly drew attention to inconsistencies between defense counsel's opening statement and the proof presented at trial, and pointed to serious gaps in the defense's theory of the case.[17] While it is true that the prior statements of Teanisha Rodriguez were excluded at trial, this was not the only method by which the defense could have proved its theory of the case.

The prosecutor's conduct cannot be said to be recurrent or deliberate because it occurred only once in the rebuttal portion of his closing argument. Furthermore, the comments regarding the paucity of evidence related to Teanisha Rodriguez at trial were only one part of a multifaceted

---

[13]See Jury Verdict [#193].

[14]Def. Am. Mem. in Supp. [#204] at 2-3.

[15]Def. Am. Memo in Supp. [#204] at 21.

[16]Trial Tr. October 20, 2011 [#204-8] at 3.

[17]Id. at 6-7.

4

rebuttal argument.[18] The instructions that the court gave to the jury properly allocated the burden of proof and explained the standard for reasonable doubt. In light of the totality of the prosecution's case at trial, and the amount of evidence presented, it cannot be said that this one remark in closing, which was not objected to at the time of trial, so "poisoned the well" as to require reversal of the jury's verdict.

III.     Conclusion

For the reasons given above, Defendant's Motion for New Trial [#201] is DENIED IN PART and DEFERRED IN PART. The challenged portions of the prosecutor's rebuttal argument do not warrant a new trial. The court will take up the issue of juror misconduct at a second evidentiary hearing.

IT IS SO ORDERED.

       /s/ Joseph L. Tauro
United States District Judge

---

[18] See id.